UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **MICHAEL AARON SELVIDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:18-CV-00281 |
| ) | REEVES/GUYTON |
| **KNOX COUNTY, DR. KEEBLE,** ) | |
| **PRACTITIONER NOEL, NURSE** ) | |
| **DACCUS, and SARAH KEITH,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* [Doc. 5] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED without prejudice**.

**I. FILING FEE**

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On April 24, 2018, the Court entered a Notice of Deficiency, directing Plaintiff to either pay the full filing fee or submit an application to proceed in *forma pauperis* [Doc. 2]. Plaintiff then submitted an application to proceed *in forma pauperis* [Doc. 5], and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc.

5] will be **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received. However, because Plaintiff's complaint will be dismissed as duplicative, and Plaintiff will be charged a filing fee for his initial case, the Court will not assess a filing fee at this time.

## II. BACKGROUND

Plaintiff, currently in custody at the Knox County Jail, filed this complaint under 42 U.S.C. § 1983 on April 23, 2018, for alleged violations of his civil rights occurring during his confinement at the Knox County Jail [Doc. 1]. Plaintiff alleges that he was previously scheduled for surgery on his knee while he was in federal custody, but, since his transfer to the Knox County Jail, Defendants have refused to schedule his surgery [*Id.* at 3–4]. Plaintiff alleges that Defendant Keeble "refuses to see [him]," Defendant Noel "openly refuses to give me the surgical procedure that would fix my injured leg," and that "[Defendant] Daccus refuses to force the issue to his superiors" [*Id.* at 4]. Further, Plaintiff claims that he has been forced to proceed in his state trial under severe pain and suffering [*Id.*]. Lastly, Plaintiff claims that Defendant Keith, an Assistant District Attorney, is responsible for his care under the state writ [*Id.* at 5]. Plaintiff seeks compensatory damages for his pain and suffering [*Id.* at 6].

## III. ANALYSIS

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a

defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

However, Plaintiff previously filed a civil rights complaint in this Court raising essentially the same claims raised in this case, and concerning conduct occurring over the same period of time

as the factual allegations at issue. *See Selvidge v. Knox Cty. Sheriff's Dep't.*, No. 3:17-cv-513. That matter remains pending before the Court. Further, in Plaintiff's pending case, the Court previously screened Plaintiff's complaint pursuant to the PLRA, and held that while Plaintiff's complaint failed to state a claim under § 1983, his allegations could state a claim, if amended [*Selvidge v. Knox Cty. Sheriff's Dep't.*, No. 3:17-cv-513, Doc. 6 p. 4].

"As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

> With respect to duplicative suits, the Sixth Circuit has stated
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. Appx 435, 438 (6th Cir. 2006) (alterations in original). "A complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff.'" *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (quoting *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F.Supp.2d 357, 359–60 (D. Del. 2009)); *see, e.g.*, *Harris v. TDOC Comm'r*, No. 3:16-cv-615, 2016 WL 6464480, at *2 (E.D. Tenn Nov. 1, 2016) (dismissing duplicative § 1983 complaint).

4

In the present case, it is clear that Plaintiff intended to file his complaint as an amended complaint in his previous, pending case before the Court. Accordingly, this Court will exercise its discretion and will **DISMISS without prejudice** this duplicative § 1983 complaint. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation."). Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **GRANTED**, however, the Court will not assess a filing fee at this time;

2. Due to the fact that Plaintiff's complaint is duplicative of another pending case before this Court, Plaintiff's complaint and the present action will be **DISMISSED without prejudice**; and

3. The Clerk is **DIRECTED** to re-file Plaintiff's complaint [Doc. 1] in his pending case before the Court, *Selvidge v. Knox Cty. Sheriff's Dep't.*, No. 3:17-cv-513.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**